## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br>as Subrogee of Raisin Industries, LLC and<br>Jack Ohio, LLC<br>225 West Washington Street, Suite 1800<br>Chicago, IL 60606 | : : : : : : | CASE NO.: 1:22-cv-1850<br><br>**JURY TRIAL DEMANDED** |
| Plaintiff, | : : | |
| vs. | : : | |
| S.A. Comunale Co., Inc.<br>2900 Newpark Drive<br>Barberton, OH 44203 | : : : : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Fireman's Fund Insurance Company, by and through its undersigned attorneys, upon information and belief, complain of defendant, S.A. Comunale Co., Inc., as follows:

## PARTIES

1. Plaintiff, Fireman's Fund Insurance Company ("FFIC"), is a California Corporation with its principal place of business located at 225 West Washington Street, Suite 1800, Chicago, Illinois 60606, and at all times material hereto was authorized to issue insurance policies in the State of Ohio.

2. Defendant, S.A. Comunale Co., Inc. ("Comunale"), is an Ohio corporation with a principal place of business located at 2900 Newpark Drive, Barberton, Ohio 44203, and at all times material hereto of designing, installing and servicing fire protection systems.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states and the amount in controversy sought by

plaintiff, exclusive of costs and interest, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is properly laid in this judicial district because the incident occurred in his judicial district.

## FACTUAL ALLEGATIONS

5. At all times material hereto, FFIC's insured, Raisin Industries, LLC ("Raisin"), owned and operated the Tower City Avenue Shops at 230 West Huron Road, Cleveland, Ohio ("the Mall").

6. At all times material hereto, FFIC provided property insurance to Raisin for the Mall under insurance policy number USC005028210 ("the Raisin Policy").

7. At all times material hereto, FFIC's insured, Jack Ohio, LLC ("Jack"), owned and operated Jack Casino located in the Higbee Building, 100 Public Square, Cleveland, Ohio ("the Casino").

8. At all times material hereto, FFIC provided property insurance to Jack for the Casino under insurance policy number USC010011200 ("the Jack Policy").

9. At all times material hereto, the Terminal Tower Residences at 50 Public Square, Cleveland, Ohio were located directly above the Mall.

10. Prior to June 7, 2021, there was a significant renovation of the Terminal Tower Residences.

11. As part of the aforementioned renovation, defendant Comunale installed a fire protection system in the Terminal Tower Residences ("the Fire Protection System").

12. The Fire Protection System utilized steel standpipes measuring six (6) inches in diameter to supply water to the system in the event of a fire.

13. On or about June 7, 2021, a Victaulic Style 107N Quick Vic$^{TM}$ rigid coupling ("the Coupling") located at an elbow fitting joint in the standpipe express riser for the Fire Protection System separated.

14. The Coupling is located in the North stairwell between the Eleven-and-one-half and Twelfth floors.

15. The separated Coupling is shown in the photographs below.

 

16. The Coupling separation allowed massive amounts of water to flow in an uncontrolled manner out of the standpipe and travel down through the building and adjoining buildings and resulted in significant water damage to both the Mall and the Casino ("the Incident").

17. The Incident was the result of defendant Comunale failing to properly assemble the Coupling during its installation of the Fire Protection System.

18. As a result of defendant Comunale failing to properly assemble the Coupling, it separated as a result of exposure to water pressures which it was designed to withstand if properly assembled.

19. Pursuant to its obligations under the Raisin Policy, plaintiff made payments in the amount of $33,000,000 to or on behalf of Raisin for damages arising out of the Incident.

20. Pursuant to its obligations under the Jack Policy, plaintiff made payments in an amount in excess of $3,000,000 to or on behalf of Jack for damages arising out of the Incident.

21. In accordance with the common law principles of legal and equitable subrogation and the terms of the aforementioned policies, to the extent of its payments made under those policies, plaintiff is subrogated to the rights of its insureds with respect to any claims against defendant.

## **COUNT I: NEGLIGENCE**

22. Plaintiff incorporates by reference each of the foregoing paragraphs as though each was fully set forth at length herein.

23. The Incident and resulting damage to plaintiff's insureds' property were proximately caused by the negligence, carelessness, and/or gross negligence of defendant Comunale, its agents, workmen, and/or employees acting within the course and scope of their employment in:

(a) Failing to properly assemble the Coupling and ensure that the bolt and nut engagement was even between the two fasteners for the Coupling;

(b) Failing to ensure that the Coupling was properly seated;

(c) Failing to ensure that the Fire Protection System was installed in such a manner that it was capable of withstanding expected pressure surges within the system;

(d) Failing to install the Coupling in accordance with the manufacturer's instructions and specifications;

(e) Routing the piping for the Fire Suppression System in way that the Coupling could not be properly installed;

(f) Failing to properly train its employees in the proper method to be utilized in assembling the Coupling for use in the Fire Protection System;

(g) Failing to properly inspect the Coupling to ensure that the bolts holding the Coupling in place were properly seated and tightened in accordance with the manufacturer's instructions, and;

(h) Such other and further negligent acts or omissions which may be revealed during discovery.

WHEREFORE, plaintiff demands judgment against the defendant Comunale in an amount in excess of $36,000,000 together with interest and the costs of this action.

## JURY DEMAND

Plaintiff hereby demands this matter be tried to a jury.

Dated: 10/13/2022

Respectfully submitted,

ANDREW P. AVELLANO, LLC
Attorney At Law

BY: /s/ Andrew Avellano
ANDREW P. AVELLANO, ESQUIRE
Attorney At Law (0062907)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 237-8050
andy@drewavo.com

**OF COUNSEL:**
Mark E. Utke, Esquire (0088559)

*To Be Admitted Pro Hac Vice:*
Mark E. Opalisky, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-2000
mutke@cozen.com
mopalisky@cozen.com
dluccaro@cozen.com